# MANDATE

CONN/NHC1
01-CR-145
Covello

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of June, Two Thousand Four.

PRESENT:   HONORABLE ROGER J. MINER,
           HONORABLE REENA RAGGI,
                      *Circuit Judges,*
           HONORABLE VICTOR MARRERO,[*]
                      *District Judge.*

----------------------------------------------

UNITED STATES OF AMERICA,
                      *Appellee,*
           v.                                            No. 03-1059

DALE STEWART,
                      *Defendant-Appellant.*

----------------------------------------------

APPEARING FOR APPELLANT:    LAURIE S. HERSHEY, Law Officers of Laurie S. Hershey, Esq., Manhasset, New York.

APPEARING FOR APPELLEE:     DAVID A. RING, Assistant United States Attorney, (William J. Nardini, Assistant United States Attorney, *on the brief*), for Kevin J. O'Connor,

---

[*]The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

1

—ISSUED AS MANDATE: 3-16-06 —

United States Attorney, District of Connecticut, Bridgeport, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Alfred V. Covello, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on January 22, 2003, is AFFIRMED.

Defendant-Appellant Dale Stewart was convicted after a jury trial of conspiring to violate, and actually violating, the Hobbs Act by robbing and brutally murdering drug dealer Audley Patrick Palmer and his seventeen-year-old girlfriend Samantha Mitto. See 18 U.S.C. §§ 1951, 2. Stewart was also convicted of obstructing justice. See id. § 1512(b)(1). He is presently incarcerated, serving the maximum possible prison sentence of fifty years.

In appealing his conviction, Stewart asserts that the evidence adduced was insufficient to establish that (a) he aided and abetted in the substantive Hobbs Act crime, (b) his actions, even if criminal, were part of a Hobbs Act conspiracy, and (c) either Hobbs Act charge affected interstate commerce. He further argues that the district court constructively amended or impermissibly varied the indictment by instructing jurors that they could convict him as an aider and abettor, rather than a principal, on the substantive Hobbs Act charge. Because the record does not reflect that Stewart raised any of these challenges before the district court, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

I.  Sufficiency of the Evidence

When faced with a challenge to the sufficiency of the evidence supporting a criminal conviction, we must affirm if the evidence, when viewed in its totality, see United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000), and in the light most favorable to the government, see United States v. LaSpina, 299 F.3d 165, 180 (2d Cir. 2002), would permit any rational jury to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Gaskin, 364 F.3d 438, 459-60 (2d Cir. 2004). Applying these principles to this case, we conclude that Stewart's sufficiency challenge is without merit.

a.  The Substantive Hobbs Charge

Witness testimony and crime scene evidence provided strong circumstantial evidence that Stewart had the motive, means, and opportunity to commit the substantive Hobbs crime. See United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998). We cite only a few examples of such evidence.

Witness testimony indicated that Stewart and Palmer had recently quarreled about drug proceeds and that Stewart had vowed to kill Palmer and to take his money. The day before the Palmer/Mitto killings, Stewart communicated his murderous intent to a confederate, Weston Forbes, in a discussion at Stewart's girlfriend's apartment during which handcuffs and flex cuffs were displayed. The latter fact was significant in light of evidence that Palmer's hands had been restrained when he was killed. Further, stab wounds sustained by Palmer and Mitto were consistent with those that could have been inflicted by two knives

subsequently discovered missing from Stewart's girlfriend's apartment.

Stewart's girlfriend testified that on the day of the murders, Stewart was obsessed with Palmer's whereabouts, directing her to contact him on Forbes's cell phone if she learned that Palmer was in his apartment. Later that evening, when Stewart and Forbes returned together to the girlfriend's apartment, the men acted suspiciously, with Stewart locking himself in a room until both men had showered and changed, conduct consistent with the bloody nature of the killings. Although his girlfriend offered to wash his clothes, Stewart insisted on taking them with him. As he departed, Stewart warned the young woman that if anyone came to her door, she should call 911. After Stewart was arrested in this case, he urged his girlfriend to lie about his whereabouts on the day of the Palmer/Mitto murders by saying he was in Philadelphia. Earlier, Forbes had also cautioned Stewart's girlfriend not to disclose that he had been in Hartford at the time of the murders.

In challenging the sufficiency of this and other evidence implicating him in the Palmer/Mitto killings, Stewart submits that his girlfriend was not a credible witness, that others had equally strong motives to want Palmer dead, and that many of his actions were as consistent with innocence as guilt. These arguments were properly presented to the jury, but that body having rejected the inferences urged by Stewart, we defer to its findings. See United States v. Dhinsa, 243 F.3d 635, 648-49 (2d Cir. 2001); United States v. Morrison, 153 F.3d at 49. We conclude that the cited evidence, when viewed in the light most favorable to the prosecution, suffices to support a guilty verdict on the substantive Hobbs charge. See

United States v. Nelson, 277 F.3d 164, 196-97 (2d Cir. 2002).

      b.     The Conspiracy Charge

Stewart submits that, even if the evidence establishes his own involvement in the Palmer/Mitto killings, nothing indicates that he acted in criminal concert with any other person. Specifically, he asserts that the evidence was insufficient to establish anything but mere presence on the part of Weston Forbes. We disagree. The totality of circumstantial evidence, much of which we have already outlined, fairly established that Forbes both knew of Stewart's intent to kill Palmer and joined in the scheme, intending by his own actions to help it succeed. See United States v. Gaskin, 364 F.3d at 460-61; United States v. Svoboda, 347 F.3d 471, 477 (2d Cir. 2003).

      c.     The Interstate Commerce Element

The Hobbs Act jurisdictional requirement of an interstate commerce nexus imposes on the government only a minimal burden, which may be satisfied by showing even a very slight or only potential effect on interstate commerce. See United States v. Elias, 285 F.3d 183, 188 (2d Cir.), cert. denied, 537 U.S. 988 (2002); United States v. Arena, 180 F.3d 380, 389 (2d Cir. 1999). The government easily satisfied this burden in Stewart's case by showing that the Palmer/Mitto murders were in furtherance of a plan to steal drugs and drug proceeds, both of which had been brought into Connecticut from New York. See United States v. Fabian, 312 F.3d 550, 556 (2d Cir. 2002).

Salmonese, 352 F.3d at 621. The evidence offered at trial supported Stewart's conviction as either a principal or an aider and abettor of the substantive Hobbs Act charge and, thus, did not materially differ from the facts alleged in the indictment.

Because we conclude that Stewart's arguments on appeal are uniformly without merit, the district court's judgment of conviction is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

*Lucille Carr*    6/10/04
By                Date

7

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
      DEPUTY CLERK

Conn/NHCi
01-CR-145
Covello

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

2006 MAY 10 P 1:52

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of June, Two Thousand Four.

PRESENT: HONORABLE ROGER J. MINER,
HONORABLE REENA RAGGI,
*Circuit Judges,*
HONORABLE VICTOR MARRERO,*
*District Judge.*

---

UNITED STATES OF AMERICA,
*Appellee,*

v.

DALE STEWART,
*Defendant-Appellant.*

---

UNITED STATES COURT OF APPEALS
FILED
JUN 10 2004
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

No. 03-1059

APPEARING FOR APPELLANT: LAURIE S. HERSHEY, Law Officers of Laurie S. Hershey, Esq., Manhasset, New York.

APPEARING FOR APPELLEE: DAVID A. RING, Assistant United States Attorney, (William J. Nardini, Assistant United States Attorney, *on the brief*), for Kevin J. O'Connor,

---

*The Honorable Victor Marrero of the United States District Court for the Southern District of New York, sitting by designation.

THE MANDATE, CONSISTING OF
ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
(✓) ORDER
RECEIVED BY:__________ DATE______